UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUSTIN C. MEISBERGER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-727-DRL-MGG |
| CRUZ *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Austin C. Meisberger, a prisoner without a lawyer, filed a complaint. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ms. Meisberger, who is transgender, alleges that she was physically and sexually assaulted several times while housed at the Miami Correctional Facility. She was attacked in August 2020, May 2022, and June 2022. She talked with Sgt. Cruz, Captain Morgan, Deputy Warden Eatel, PREA Coordinator Morensen, and the Internal Investigation Coordinator about these attacks, and there are incident reports about the attacks too. Ms.

Meisberger believes the defendants should be held liable for failing to protect her from attacks. Ms. Meisberger was transferred to a different facility in the fall 2022.

When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

Though Ms. Meisberger reports that she was attacked on three occasions and that the defendants knew about the attacks after they occurred, she does not plead facts from which it can be plausibly inferred that the defendants knew in advance of any of these attacks that there was an imminent risk of serious harm by particular inmates.

This complaint doesn't state a claim for which relief can be granted. If she believes she can state a claim based on (and consistent with) the events described in this complaint, Ms. Meisberger may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, she needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form,[1] which is available from his law library. She needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after she properly completes the form.

For these reasons, the court:

(1) GRANTS Austin C. Meisberger until **November 24, 2023**, to file an amended complaint; and

(2) CAUTIONS Austin C. Meisberger if she doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint doesn't state a claim for which relief can be granted.

SO ORDERED.

October 30, 2023            *s/ Damon R. Leichty*
                            Judge, United States District Court

---

[1] Ms. Meisberger *must* use this court's form. She was told this previously (ECF 8), but she didn't comply. The court screened the amended complaint without it being on the correct form as a courtesy, but failure to use the correct form in the future won't be tolerated.